UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANTONIO SANCHEZ,                    :
                                    :
         Plaintiff,                 :  Civ. No. 15-3266 (NLH)
                                    :
    v.                              :  OPINION
                                    :
BARB SMITH, et al,                  :
                                    :
         Defendants.                :
_____:

APPEARANCES:
Antonio Sanchez, #963612A/77517
South Woods State Prison
215 Burlington Road, South
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

On or about May 11, 2015, Plaintiff Antonio Sanchez, a prisoner presently confined at South Woods State Prison in Bridgeton, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On June 8, 2015, this case was administratively terminated for failure to satisfy the filing fee requirement. (ECF No. 3). On or about July 14, 2015, Plaintiff submitted a request to reopen and a renewed application to proceed in forma pauperis. (EFC No. 4). The case was reopened for review by a judicial officer.

On July 21, 2015, the Court determined that Plaintiff had submitted a complete application to proceed in forma pauperis

pursuant to 28 U.S.C. § 1915, and he was granted leave to proceed without prepayment of fees. (ECF No. 5).  Plaintiff was informed that this case remained subject to sua sponte screening by the Court. See 28 U.S.C. §§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

The Court has had the opportunity to review the instant Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the Complaint will be dismissed with prejudice for failure to state a claim.

## I.   BACKGROUND

Plaintiff's claims relate to a subscription to USA Today Newspaper.  Plaintiff states that on July 10, 2013, he mailed $130 to "USA Today Company for the purpose of paying for receiving dai[]ly newspaper for a period of 120 (one hundred and twenty[)] days." (Compl. 5, ECF No. 1).  Plaintiff contends that the money was mailed to "Barb Smith, vice president, National Customer Service." (Id.).

Plaintiff states that he received the first newspapers in August.  About a month and a half later, however, the newspapers stopped.  Plaintiff states that he verified that the problem was

not an internal prison issue, and he asserts that the newspaper company is the party at fault.

Plaintiff names as defendants Barb Smith and "USA Today Newspapers Company." He seeks reimbursement in the amount of $15,000, compensatory damages in the amount of $50,000, punitive damages in the amount of $50,000, court costs and attorney's fees. (Compl. 8, ECF No. 1).

Plaintiff indicates that he filed a civil complaint against these same defendants in state court in July, 2014. He states that in January, 2015, he filed a motion for default due to defendants' failure to respond to his complaint. (Compl. 7, ECF No. 1). Plaintiff does not indicate the status of that litigation or provide any court-issued documents confirming that this litigation was filed. Although he attaches several exhibits which he asserts relate to the state litigation, these documents all appear to have been prepared by Plaintiff. (Exhibit 1-2, 7, 10-19, ECF No. 1-2) (referencing Docket No. "CUM DC-002227-14").

I.   STANDARD OF REVIEW

   A. Sua Sponte Dismissal

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of

4

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

5

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

## II.   <u>ANALYSIS</u>

It is clear from the facts alleged in the Complaint that Plaintiff has not set forth a cause of action under § 1983. Plaintiff has not alleged a violation of a constitutional right; nor has he named as defendants persons acting under the color of state law.

Specifically, Plaintiff does not have a constitutional right to a newspaper subscription and the "USA Today Newspapers

Company" and its employees are not state actors.  Plaintiff's claim that USA Today has stopped delivering his newspapers is more appropriately framed as a contract dispute which cannot be brought in the form of an action pursuant to 42 U.S.C. § 1983.

Accordingly, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.[1]

Furthermore, because Plaintiff cannot plead a cause of action under § 1983 based on these facts, amendment would be futile.  Therefore, Plaintiff will not be permitted to amend his Complaint. See Grayson, 293 F.3d at 108; Thomaston v. Meyer, 519 F. App'x at 120 n.2 ("We are satisfied that amendment to Thomaston's complaint would be futile, and therefore conclude

---

[1] The following discussion has absolutely no bearing or effect on the decision the Court makes today and is offered for the sole purposes of assisting Plaintiff in resolving his claims without the need for further litigation.  The Court notes that Plaintiff attaches to his Complaint a letter from USA Today which appears to be an attempt to informally resolve this issue. (Exhibit 5, Letter from USA Today, ECF No. 1-2).  The letter informs Plaintiff that USA Today had not received a payment from Plaintiff and advises Plaintiff to inquire with his banking institution. (Id.).  Although Plaintiff attaches to his Complaint a copy of a money order form (Application IFP at 14, Business Remit, ECF No. 1-1), and a copy of a check (Application IFP at 15, Bank of America Check, ECF No. 1-1) made out to USA Today, Plaintiff does not attach any documentation confirming that this money was, in fact, deducted from his account.  Moreover, the Court notes that the address on the check itself does not match the address on the Business Remit or the address listed in Plaintiff's Complaint. Compare (Compl. 3, ECF No. 1) ("USA Today, P.O. Box 10444") with (Application IFP at 15, Bank of America Check, ECF No. 1-1) ("USA Today Sports Weekly, P.O. Box 1044").  Plaintiff may wish to investigate these matters further before resorting to further litigation.

that the District Court properly dismissed the complaint without providing leave to amend.").

### III. CONCLUSION

For the foregoing reasons, the Complaint will be dismissed with prejudice.

An appropriate Order follows.

September 24, 2015                          ___s/ Noel L. Hillman_____
                                              NOEL L. HILLMAN
                                              United States District Judge

At Camden, New Jersey